# UNITED STATES BANKRUPTCY COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re:

**GREATER LOVE TABERNACLE CHURCH**                    Chapter 11
**OF BOSTON, MASSACHUSETTS,**                         Case No. 13-17099-JNF

      Debtor

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**GREATER LOVE TABERNACLE CHURCH**
**OF BOSTON, MASSACHUSETTS,**

      Plaintiff                                    Adv. P. No. 15-1031

v.

**VFC PARTNERS 18 LLC,**
      Defendant

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

## I.    INTRODUCTION

The matters before the Court are the Cross-Motions for Summary Judgment filed by the Plaintiff, the Chapter 11 debtor, Greater Love Tabernacle Church of Boston, Massachusetts ("GLTC" or the "Debtor"), and the Defendant, VFC Partners 18 LLC ("VFC") with respect to both counts of the two count Complaint filed by the Debtor against VFC.  The Court heard the Cross-Motions on June 11, 2015 and took them under advisement. The issue presented is whether the notary's certificate of acknowledgment annexed to a mortgage which was executed by an officer of the Debtor, is fatally defective under Massachusetts law because the certificate does not reflect the

1

representative capacity of the corporate officer who executed the mortgage on behalf of the corporation or that the execution of the mortgage was the free act and deed of the Debtor, thus permitting the Debtor as estate representative to avoid the mortgage for the benefit of the estate pursuant to 11 U.S.C. § 544(a)(3).

## II.    PROCEDURAL BACKGROUND

On December 10, 2013, GLTC, a Massachusetts non-profit corporation, filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Pursuant to 11 U.S.C. § 1107(a), GLTC is a debtor-in-possession acting with the powers of a trustee, including the avoiding powers set forth in 11 U.S.C. § 544(a)(3).

On February 17, 2015, GLTC filed its two count Complaint against VFC, seeking to avoid a mortgage held by VFC, as assignee, on real property owned by GLTC located at 95 and 101 Nightingale Street, Dorchester, Massachusetts (the "property"). The Debtor, through Count I of the Complaint, seeks avoidance of the mortgage pursuant to 11 U.S.C. § 544(a)(3), and through Count II, seeks a determination that the mortgage is void as once avoided it is not an allowed secured claim, and that VFC has only a general unsecured claim against the estate pursuant to 11 U.S.C. § 506(a) and (d).

On March 18, 2015, upon the joint motion of the parties, the Court entered a scheduling order which established various deadlines related to the parties' submission of dispositive pleadings.  In compliance with the scheduling order, VFC filed its Answer to the Complaint on March 20, 2015 and its Motion for Summary Judgment on Counts I and II of the Complaint on April 3, 2015.  On April 17, 2015, GLTC filed an Objection to VFC's Motion for Summary Judgment and a Cross-Motion for Summary

Judgment on both counts of the Complaint. The Cross-Motions are supported by memoranda, and VFC's Motion is supported by statement of material undisputed facts which the Debtor does not contest, other than with respect to one assertion which is not material to adjudication of the dispute on summary judgment. Additionally, VFC also submitted an Affidavit of its counsel, Kate P. Foley, attesting to the truth and accuracy of exhibits in support of its Cross-Motion. The Court heard the Cross-Motions on June 11, 2015 and took them under advisement.

Although the parties do not dispute that GLTC executed and delivered the mortgage, the parties do dispute the validity of the certificate of acknowledgment annexed to the mortgage. Specifically, the parties dispute whether or not the certificate of acknowledgment complies with Massachusetts law such that it provides sufficient constructive notice of the mortgage to the Debtor as estate representative. The specific issue presented is whether the certificate of acknowledgment attached to the mortgage complies with Mass. Gen. Laws ch. 183, § 29.  The parties agree that the issue of whether or not the certificate of acknowledgment is defective under Massachusetts law is dispositive of whether or not the mortgage can be avoided under 11 U.S.C. § 544.

Because the material facts necessary to resolve the Cross-Motions are not in dispute, they are ripe for summary judgment. The Court now makes its findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

## III.   FACTS

On January 23, 2004, William E. Dickerson, Jr. ("Pastor Dickerson"), acting in his capacity as President of GLTC, executed a Mortgage and Security Agreement (the

"Mortgage") in favor of Citizens Bank of Massachusetts to secure payment of a promissory note executed on the same date. The Mortgage encumbering the property secured the note which was in the original principal amount of $756,766. "Greater Love Tabernacle Church of Boston, Massachusetts (Church of God in Christ)"[1] is defined as the "Mortgagor" in the Mortgage. The Mortgage was duly recorded at the Suffolk County Registry of Deeds on the same date as its execution.[2]   In connection with the loan from Citizens Bank of Massachusetts, Edith M. Ross, as Clerk of GLTC, executed a "Clerk's Certificate of Resolutions of Board of Directors Regarding New Loan From Citizens Bank of Massachusetts" in which she certified that Pastor Dickerson was the President of GLTC and that the Board of Directors of GTLC, acting by unanimous written consent, authorized GLTC, through its President or any other authorized officer, to execute and deliver to Citizens Bank of Massachusetts a mortgage on the property, a promissory note and other loan documents in connection with a loan from Citizens Bank of Massachusetts in the principal sum of $756,766 (the "Clerk's Certificate"). The Clerk's Certificate was also recorded at the Suffolk County Registry of Deeds on January 23, 2004, immediately prior to the recording of the Mortgage.

---

[1] It is unclear whether this name was the former name of the Debtor, however, there is apparently no dispute between the parties that this entity is the Debtor.

[2] On February 13, 2012, RBS Citizens, N.A., as successor by merger to Citizens Bank of Massachusetts, executed an "Assignment and Assumption of Security Instruments" pursuant to which it assigned the Mortgage to VFC. VFC is the current holder of the Mortgage and the note.

There is no dispute that Pastor Dickerson signed the Mortgage and personally appeared before the notary.  The signature block on the Mortgage appears as follows:[3]

> IN WITNESS WHEREOF, Mortgagor, intending to be legally bound hereby, has caused the Mortgage to be duly executed as a sealed instrument this *23rd* day of January, 2004.

| WITNESS: | MORTGAGOR: |
|---|---|
| */s/ Randy Kaston* | Greater Love Tabernacle Church of Boston, Massachusetts (Church of God in Christ) |
| | By: */s/ William E. Dickerson, Jr.* |
| | William E. Dickerson, Jr., President |

The certificate of acknowledgment (hereinafter the "Certificate") appearing directly below the signature block provides as follows:

<div align="center">COMMONWEALTH OF MASSACHUSETTS</div>

Suffolk, ss.                                                     January *23*, 2004

Then personally appeared before me the above-named William E. Dickerson, Jr., and acknowledged the foregoing instrument to be his free act and deed and that of any entity named.

> */s/ Randy Kaston*
> Notary Public
> *Randy Kaston*
> Print Name
> *December 24, 2004*
> My Commission expires

---

[3] Italicized text indicates handwritten insertions.

IV.     **POSITIONS OF THE PARTIES**

A. <u>The Debtor</u>

GLTC asserts that the Certificate attached to the Mortgage is fatally defective as a matter of law because it "fails to certify unambiguously" that GLTC, as a corporate entity, properly acknowledged the Mortgage.  Specifically, the Debtor maintains that the Certificate's ambiguous reference to "any entity named" and its failure to indicate Pastor Dickerson's representative capacity, leaves the Certificate "far short of the requirement of showing that Pastor Dickerson made the requisite acknowledgement to the notary that [*the Debtor's*] execution of the Mortgage was the free act and deed of [*the Debtor*.]" The Debtor argues that "any entity named," could be construed to refer to any number of unspecified entities, including Citizens Bank, Pastor Dickerson, individually, the notary, or even the Commonwealth of Massachusetts.   The Certificate's failure to recognize Pastor Dickerson's representative capacity, according to the Debtor, "buttresses the conclusion that the Certificate is impermissibly ambiguous" because it does not provide that Pastor Dickerson acknowledged the Mortgage as the free act and deed of GLTC or as his free act and deed as GLTC's president.

In support of its position, GLTC relies on <u>McOuatt v. McOuatt</u>, 320 Mass. 410, 69 N.E.2d 806 (1946), in which the Massachusetts Supreme Judicial Court ruled that for a deed to be recorded and enforceable against others the certificate of acknowledgment must reflect that the grantor executed the deed of his own free will, as well as Mass. Gen. Laws ch. 183, § 29 which provides in pertinent part the following: "No deed shall be recorded unless a certificate of its acknowledgment or of the proof of its due

execution, made as hereinafter provided, is endorsed upon or annexed to it, and such

certificate shall be recorded at length with the deed to which it relates. . . .” Mass. Gen.

Laws ch. 183, § 29.[4]   GLTC also relies on Weiss v. Wells Fargo Bank, N.A. (In re Kelley),

498 B.R. 392 (B.A.P. 1st Cir. 2013), a case in which the identity of the grantor of a

mortgage set forth on the certificate of acknowledgment was ambiguous and therefore

void under Massachusetts law, and cites Agin v. Mortg. Elec. Registration Sys., Inc (In

re Bower), No. 10-10993, Adv. Pro. No. 10-1092, 2010 WL 4023396 at *5 (Bankr. D. Mass.

Oct. 13, 2010)(“It is well established law in Massachusetts that a defectively

acknowledged mortgage cannot be legally recorded, and if recorded the mortgage does

not, as a matter of law, provide constructive notice to future purchasers.”)(footnote

omitted), and Agin v. Mortg. Elec. Registration Sys., Inc. (In re Giroux), No. 08-14708-

JNF, Adv. Pro. No. 08-1261, 2009 WL 1458173 (Bankr. D. Mass. May 21, 2009) aff'd,

Mortg. Elec. Registration Sys., Inc. v. Agin, No. 09–CV–10988-PBS, 2009 WL 3834002 (D.

Mass. Nov. 17, 2009).

Lastly, the Debtor maintains that, pursuant to the tolling provisions in 11 U.S.C.

§ 108 and the extension of the limitations period set forth in 11 U.S.C. § 546(a), its filing

of the Complaint was timely notwithstanding Mass. Gen. Laws ch. 184, § 24 which

---

[4] A mortgage is considered a form of “deed” for purposes of the recording
requirements.  See Agin v. Mortg. Elec. Registration Sys., Inc. (In re Giroux), No. 08–
14708, Adv. P. No. 08-1261, 2009 WL 1458173 (Bankr. D. Mass. May 21, 2009) aff'd,
Mortg. Elec. Registration Sys., Inc., v. Agin, No. 09–CV–10988-PBS, 2009 WL 3834002 (D.
Mass. Nov. 17, 2009).

establishes a ten year period after the recordation of a mortgage during which

proceedings to contest the validity of the mortgage must be commenced.

B. VFC

VFC asserts that the Certificate is not defective and that it fully satisfies the

requirements of Massachusetts law.  As a result, it maintains, the recorded Mortgage

provides constructive notice to bona fide purchasers, including the Debtor acting as

estate representative.  It also asserts that the Debtor is time barred from disputing the

effectiveness of the Certificate in the Mortgage pursuant to Mass. Gen. Laws ch. 184, §

24.

VFC argues that the Certificate does not contain the obvious mechanical defects

at issue in In re Kelley and the other cases relied upon by the Debtor and that it contains

no ambiguity to render it defective under Massachusetts law when the Certificate is

read in context with the Mortgage.  It sets forth the following reasons: 1) the signature

block on the Mortgage identifies GLTC as the Mortgagor; 2) the signature block

identifies Pastor Dickerson in his capacity as President of GLTC; 3) the Certificate

located immediately below the signature block identifies Pastor Dickerson and; 4) the

notary attested that the granting of the Mortgage was Pastor Dickerson's "free act and

deed and that of any entity named." Thus, according to VFC, when the Certificate is

read in context with the Mortgage on which it appears, and not in a vacuum, there is no

ambiguity concerning whether Pastor Dickerson executed the Mortgage in his capacity

as an officer of the Debtor. VFC also relies on McOuatt v. McOuatt, 320 Mass. 410, 415

(1946)("No particular words are necessary as long as they amount to an admission that

[the signer] has voluntarily and freely executed the instrument."), for the proposition that Massachusetts' statutory scheme presented in Mass. Gen. Laws. ch. 183 permits flexibility in the exact verbiage in a certificate of acknowledgment, so long as it meets certain elements which this Certificate satisfies. VFC concludes that because the Certificate complies with Massachusetts case law and the statutory scheme, and contains no ambiguity, the Mortgage is valid and enforceable as a matter of state law and cannot be avoided by GLTC as a debtor-in-possession under the Bankruptcy Code.

## V.   DISCUSSION

### A.   The Summary Judgment Standard

As this court recently articulated in Lassman v. HSBC Bank USA, N.A. (In re DeMore), 530 B.R. 519 (Bankr. D. Mass. 2015), the summary judgment standard requires little explication, particularly where the material facts are not in dispute. In re DeMore, 530 B.R. at 528. "It is apodictic that summary judgment should be bestowed only when no genuine issue of material fact exists and the movant has successfully demonstrated an entitlement to judgment as a matter of law." Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 763 (1st Cir.1994) (citing Fed.R.Civ.P. 56(c)).  The parties concede, and the Court finds, that there are no material facts in dispute and the issue presented is purely a legal one.   One of the parties is entitled to judgment as a matter of law.

### B.   Applicable Law

As noted above, by virtue of 11 U.S.C. § 1107(a), GLTC is a debtor-in-possession acting with the powers of a trustee. Section 544(a)(3), known as the "strong arm" clause provides a trustee with certain "rights and powers," including "the power to avoid a

transfer by the debtor of an unperfected security interest in real property to the same extent a bona fide purchaser could avoid the transfer, regardless of any actual knowledge of the trustee." <u>Weiss v. Wells Fargo Bank, N.A. (In re Kelley)</u>, 498 B.R. at 397 (quoting <u>DeGiacomo v. CitiMortgage, Inc. (In re Nistad)</u>, Adv. No. 11–1179, 2012 WL 272750 at*3 (Bankr. D. Mass. Jan. 30, 2012)).[5]

As this Court observed in <u>Dwyer v. Rockland Trust Co. (In re Mammola)</u>, 474 B.R. 23 (Bankr. D. Mass. 2012), "[w]hile the Bankruptcy Code provides that the trustee shall enjoy the rights and powers of a bona fide purchaser, those rights and powers are defined by the law of the state where the property is located; in this case the law of Massachusetts." <u>Id</u>. at 30 (citing <u>Butner v. United States</u>, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); <u>Stern v. Cont'l Assurance Co. (In re Ryan)</u>, 80 B.R. 264, 266 (D.Mass.1987), <i>aff'd</i>, 851 F.2d 502 (1st Cir.1988) (the rights and powers of a bona fide purchaser of real property are determined by the law of the state where the property is located). In <u>In re Ryan</u>, the United States Court of Appeals for the First Circuit

---

[5] Section 544(a)(3) provides in pertinent part the following:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by-- . . .

>> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

discussed the various types of notice, in addition to actual notice, emphasizing that even actual notice does not bind a trustee due to the statute's language ("without regard to any knowledge of the trustee . . ." as set forth in 11 U.S.C. § 544(a)). The Court of Appeals observed:

> "Notice" is sometimes broken down into various types: constructive, actual, record, implied, imputed, inquiry, etc. The classifications of notice employed in Vermont case law and in many of the treatises are often confusing and seemingly contradictory. *See* 5 H. Tiffany, Law of Real Property § 1284 (B. Jones ed. 1939) (hereinafter Tiffany's Real Property) (noting that "the cases and textbooks are absolutely lacking in harmony"). A helpful formulation, however, appears in Tiffany's Real Property. Separating notice into two main types, actual and constructive, the treatise continues,
>
>> It would seem that one might properly be said to have *actual notice* when he has information in regard to a fact, or information as to circumstances an investigation of which would lead him to information of such fact, while he might be said to have *constructive notice* when he is charged with notice by a statute or rule of law, irrespective of any information which he might have, *actual notice* thus involving a mental operation on the person sought to be charged, and *constructive notice* being independent of any mental operation on his part.

In re Ryan, 851 F.2d at 506 (citing 5 Tiffany's Real Property § 1284, at 50) (emphasis in original). The court added: "Thus 'constructive notice' is not really 'notice,' as that word is commonly used, at all. Instead, constructive notice is a positive rule of state law that permits the prior purchaser to gain priority over a latter purchaser, *regardless* of whether the latter purchaser really knows of the prior purchase." Id. (emphasis in original). Concluding that "if a deed is properly recorded, all future purchasers have constructive knowledge of the deed," id. (citing 4 American Law of Property § 17.17), the court stated that "inquiry notice" "is not a type of notice separate from 'actual' or

'constructive' notice," adding "it is a corollary of both types." Id. at 507 (citing 5 Tiffany's Real Property § 1285).

C. Case Law and Analysis

This Court does not write on a clean slate. Numerous courts in the District of Massachusetts, as well as the United States Bankruptcy Appellate Panel for the First Circuit, have considered the adequacy of acknowledgments of mortgages that have been accepted for recording. See, e.g., Weiss v. Wells Fargo Bank, N.A. (In re Kelley), 498 B.R. 392 (B.A.P. 1st Cir. 2013); Agin v. Green Tree Servicing, LLC (In re Shubert), No. 14-14739-JNF, Adv. Pro. No. 14-1220, __ B.R. __ (Bankr. D. Mass. Aug. 19, 2015); Lassman V. HSBC Bank USA, N.A. (In re DeMore), 530 B.R. 519 (Bankr. D. Mass. 2015); Mbazira v. Ocwen Loan Serv., LLC (In re Mbazira), No. 13-16586-WCH, Adv. P. No. 14-1055, 2015 WL 1543908 (Bankr. D. Mass. Mar. 31, 2015); Mbazira v. Ocwen Loan Serv., LLC (In re Mbazira), 518 B.R. 11 (Bankr. D. Mass. 2014); DeGiacomo v. CitiMortgage, Inc. (In re Nistad), No. 10-17435-WCH,  Adv. P. No. 11-1179, 2012 WL 272750 (Bankr. D. Mass. Jan. 30, 2012); Agin v. Mortg. Elec. Registration Sys., Inc. (In re Bower), No. 10–10993–WCH, Adv. P. No. 10-1092, 2010 WL 4023396 (Bankr. D. Mass. Oct. 13, 2010); Agin v. Mortg. Elec. Registration Sys., Inc. (In re Giroux), No. 08–14708-JNF, Adv. P. No. 08-1261, 2009 WL 1458173 (Bankr. D. Mass. May 21, 2009) aff'd, Mortg. Elec. Registration Sys., Inc. v. Agin, No. 09–CV–10988-PBS, 2009 WL 3834002 (D. Mass. Nov. 17, 2009).

Mass. Gen. Laws ch. 183, § 29 provides, in pertinent part: "No deed shall be recorded unless a certificate of its acknowledgment or of the proof of its due execution,

made as hereinafter provided, is endorsed upon or annexed to it, and such certificate

shall be recorded at length with the deed to which it relates. . . . " Thus, Massachusetts

law requires that for a deed or conveyance to be properly recorded and enforceable

against the world, a certificate of acknowledgment must be endorsed along with the

deed executing the conveyance. Mass. Gen. Laws ch. 183, § 29. "The certificate of

acknowledgment furnishes formal proof of the authenticity of the execution of the

instrument when presented for recording." McOuatt v. McOuatt, 320 Mass. at 413.  In

order for a mortgage of land in Massachusetts to be unavoidable by a bankruptcy estate

representative, the mortgage must be properly acknowledged and recorded. *See* In re

Kelley 498 B.R. at 398, 400-01.  *See also* In re Bower, 2010 WL 4023396, at * 5 (Bankr. D.

Mass. Oct 13, 2010) ("It is well established law in Massachusetts that a defectively

acknowledged mortgage cannot be legally recorded, and if recorded the mortgage does

not, as a matter of law, provide constructive notice to future purchasers"). A mortgage

that is not properly acknowledged and recorded is not a secured claim and can be

avoided by a trustee. 11 U.S.C §§ 506(a) and (d) and 544(a).

Although Massachusetts law requires a certificate of acknowledgment, the

statutory scheme does not specify the language that must be used,[6] and "Massachusetts

---

[6] Although Mass. Gen. Laws ch. 183, § 42 references forms set forth in the appendix to
the statute for taking acknowledgments, the use of those forms is not mandatory. In re
Kelley, 498 B.R. at 399. Furthermore, while Revised Executive Order No. 455 (04–04),
promulgated by the Governor of the Commonwealth of Massachusetts, lists several
forms for notaries to use when issuing certificates of acknowledgment, those forms are
not mandatory nor do they supersede the statutory scheme. In re Dessources, 430 B.R.
330, 335 (Bankr. D. Mass. 2010)(citing Revised Executive Order No. 455 (04–04), § 1(c)).
*See also* Executive Order No. 455 at § 5(j).  *See also* Agin v. Green Tree Servicing, LLC (In

has not been strict in the actual form of the acknowledgement." <u>Bank of America, N.A.</u>

<u>v. Casey</u>, 517 B.R. 1, 4 (D. Mass. 2014), *certifying questions to the Supreme Judicial Court for*

*the Commonwealth of Massachusetts,* <u>Bank of America, N.A. v. Casey (In re Pereira</u>), 791

F.3d 180 (1st Cir. 2015).   In <u>McOuatt v. McOuatt</u>, the Supreme Judicial Court of

Massachusetts recognized that "[a]n acknowledgment is the formal statement of the

grantor to the official authorized to take the acknowledgment that the execution of the

instrument was his free act and deed. No particular words are necessary as long as they

amount to an admission that [the grantor] has voluntarily and freely executed the

instrument." <u>McOuatt</u>, 320 Mass. at 415. Ultimately this dispute hinges on whether or

not the Certificate "unequivocally express[es] that that the execution of the Mortgage

was the free act and deed of the principals," here, the corporate Debtor,  GLTC.  *See* <u>In</u>

<u>re Kelley</u>, 498 B.R. at 400.

The Bankruptcy Appellate Panel for the First Circuit, as well as this Court, have

analyzed certificates of acknowledgment that were challenged as defective because they

omitted reference to the mortgagor's representative capacity.  In <u>In re Kelley</u>, 498 B.R.

392  (B.A.P. 1st Cir. 2013), the Panel ruled that a certificate of acknowledgment was

materially defective because it was unclear that the mortgagors, who had granted a

power of attorney to a lawyer, had executed the mortgage as their free act and deed,

observing "…we are left to speculate whether the voluntariness relates to the principals

---

<u>re Shubert)</u>, No. 14-14739-JNF, Adv. Pro. No. 14-1220, at p. 9, n.7, __ B.R. __ (Bankr. D.
Mass. Aug. 19, 2015).  The Debtor does not assert that the Certificate is defective
because it does not comport with the text of the forms set forth in the appendix to Mass.
Gen. Laws ch. 183 or in Executive Order No. 455.

(the Debtors) or to the attorney-in-fact. . . . " Id. at 400.   As the acknowledgment was
flawed under Massachusetts law, the Panel held that it did not provide constructive
notice to a bona fide purchaser such as the bankruptcy trustee.  Id. at 401.   In In re
DeMore, 530 B.R. 519 (Bankr. D. Mass. 2015), this Court ruled that a certificate of
acknowledgment in a mortgage was defective because it was unclear whether the
attorney who executed the mortgage under a power of attorney was acting in his
representative capacity or individually, observing: "Indeed, the language in the
acknowledgment is unclear as it is capable of two different interpretations as to who
personally appeared before the notary, either Malloy or the Debtors." Id. at 532.

In the present case, the Debtor has failed to establish that the Certificate attached
to the Mortgage is materially defective.  Based upon a review of the Certificate, the
Court finds that it is unambiguous and satisfies the requirements of Massachusetts law.

A plain reading of the Certificate and the four corners of the page on which it is
printed leaves no doubt that the notary, in executing the Certificate, recognized that
Pastor Dickerson appeared before her and signed the Mortgage as the free act and deed
of GLTC. The signature block on the Mortgage identifies the Mortgagor as GLTC and
reflects that Pastor Dickerson signed the Mortgage as President of GLTC. Immediately
below his signature as President of GLTC on the Mortgage, the Certificate appears and
reflects that Pastor Dickerson personally appeared before the notary and executed the
Mortgage as "his free act and deed and that of any entity named." The phrase "his free
act and deed and that of any entity named" in the Certificate, when logically read with
the signature block of the Mortgage itself, leads to but one conclusion, namely that the

language "and that of any entity named" refers to the entity named immediately above, GLTC. Much like the reference in the Certificate to the "foregoing instrument" as an undisputed reference to the Mortgage, there is nothing confusing about the Certificate when read together with the signature block appearing directly above it, particularly where there is no dispute that Pastor Dickerson appeared before the notary and that he was the President of GLTC on the date he signed the Mortgage. *See* In re Kelley, 498 B.R. at 400-01, (finding the certificate fatally defective where upon a plain reading of the certificate of acknowledgment it was unclear whether the granting of the mortgage was the "voluntary act of the debtors" or the attorney-in-fact); Agin v Mort. Elec. Reg. Sys., Inc. (In re Giroux), 2009 WL 1458173, at *9 (Bankr. D. Mass. May 21, 2009)(finding the certificate of acknowledgment patently defective under Massachusetts law where it omitted the name of the grantor/debtor); Agin v Mort. Elec. Reg. Sys., Inc. (In re Bower), 2010 WL 4023396 (Bankr. D. Mass. Oct. 13, 2010)(same).

The Debtor's argument that the phrase "any entity named," could refer to an entity other than the Debtor, is implausible, indeed absurd, where a plain reading of the four corners of the document leads to the obvious conclusion that GLTC was granting the Mortgage through its President, the same person who appeared before the notary.[7] It is undisputed that Pastor Dickerson signed the Mortgage on behalf of GLTC, in his

---

[7] The Debtor's argument that the phrase "any entity named" *could* refer to other entities named in the Mortgage, namely, Pastor Dickerson in his individual capacity, Citizens Bank of Massachusetts, the notary, or the Commonwealth of Massachusetts, is a labored attempt to create an ambiguity which does not exist.  Indeed, the Clerk's Certificate, which was recorded immediately prior to the Mortgage, reflects that Pastor Dickerson was expressly authorized by GLTC to execute a mortgage in favor of Citizens Bank of Massachusetts in connection with a loan in the exact amount secured by the Mortgage.

capacity as President of the mortgagor, GLTC.  It also is clear that Pastor Dickerson voluntarily executed the Mortgage as the Debtor's President even though his representative capacity is omitted from the Certificate. There can be no doubt that Pastor Dickerson acknowledged the Mortgage as the voluntary act of the corporation, due to the language referring to the entity.  Pastor Dickerson as an individual did not grant the Mortgage, GLTC did.  Any other interpretation strains logic and credulity. The present case is distinguishable from <u>Kelley</u> and <u>DeMore</u>  because the representative capacity of Pastor Dickerson cannot be reasonably questioned given the language of the Mortgage and the Certificate.  The Certificate in this case is not defective under Massachusetts law, and cannot be avoided by the debtor-in-possession acting as a trustee using the avoiding powers set forth in 11 U.S.C § 544.

Based upon the foregoing analysis, VFC has shown that the Certificate attached to the Mortgage is not defective, that bona fide purchasers have constructive notice of the Mortgage and that it is unavoidable by the Debtor pursuant to 11 U.S.C. § 544(a)(3). Accordingly, VFC is entitled to judgment as a matter of law on Count I of the Complaint.  Count II of the Complaint, which is dependent upon Count I, is moot.  In light of this ruling, the Court need not address VFC's argument that the Debtor's Complaint is time-barred.

## VI.    CONCLUSION

For the above reasons, the Court determines that the Mortgage is valid.   The Court shall enter an order granting VFC's Cross-Motion for Summary Judgment and denying GLTC's Cross-Motion for Summary Judgment.


By the Court,


Joan N. Feeney
United States Bankruptcy Judge


Dated: August 21, 2015

18